John D. Bennett, S.
This is a motion by the stepmother of an infant under 14 years of age to dismiss the application of the infant’s maternal grandmother to intervene in the stepmother’s petition to adopt the infant and to stay the proceedings.
The infant was born in March of 1958. Her mother died a year later and her father took the child to live with her maternal grandmother for a period of time up to and until 1962 when the stepmother and the infant’s father married. The child thereafter lived with her father and stepmother until the child’s father died in September of 1964 leaving a will wherein he named his wife, the infant’s stepmother, the testamentary guardian of the person and property of his child. The stepmother was appointed guardian of the child on February 8,1965 by order of this court.
The maternal grandmother concedes that she is not a person whose consent to the adoption is required pursuant to section 111 of the Domestic Relations Law. However, she contends that subdivision 8 of section 115 of the Domestic Relations Law permits the Surrogate, in his discretion, to direct that she be given notice of the adoption proceedings and be permitted to intervene as a proper party. Said section is only applicable where consents of the persons mentioned in subdivisions 2, 3 and 4 of section 111 are not required. Here the stepmother is a necessary party whose consent is required in order to adopt the child. She has the lawful custody of the child (Domestic Relations Law, § 111, subd. 4).
*140 Matter of Greenfield (281 App. Div. 887) and Matter of Geiger (138 N. Y. S. 2d 410), cited by the grandmother, dealt with a divorced parent who should be given notice of the adoption in accordance with section 111 of the Domestic Relations Law.
The grandmother also relies on Matter of Anonymous (142 N. Y. S. 2d 313). However, in that case the grandmother had lawful custody and the issue in the adoption proceeding was whether the mother had abandoned the child.
As set forth heretofore, the grandmother herein is not a necessary nor a proper party and therefore has no standing in these proceedings (Matter of Mendelsohn, 180 Misc. 147). As adoption was unknown at common law, exact compliance with the statutory requirements is imperative (Matter of Mendelsohn, supra).
The motion to dismiss the grandmother’s application is therefore granted. However, section 114 of the Domestic Relations Law provides that the Surrogate ‘ ‘ shall make an order approving the adoption” when he is “ satisfied that the moral and temporal interests of the foster child will be promoted ” by the adoption. The court on its own motion, in order to further its investigation as provided for in section 116 of the Domestic Relations Law, will set this matter down for August 18, 1965, at 9:30 a.m., in order to schedule a hearing on the merits of the stepmother’s application to adopt the child and at that time the maternal grandmother may submit any proper evidence she desires that will aid the court in determining the application.