Frank C. Bowers, Jr., S.
By petition dated June 19, 1976, the adoptive parents herein seek an order approving the *79 adoption of the above-named adoptive child by petitioners. The petition alleges that the residence of the adoptive parents is Montclair, New Jersey, and that the adoptive child, Danielle, born on March 20, 1976, has resided continuously with the adoptive parents since March 23. A review of the file herein shows that an irrevocable consent to surrender the adoptive child was executed by the natural mother, a resident of this county, on May 21, 1976, before this court.
Section 115 of the Domestic Relations Law sets forth the general provisions relating to private placement adoptions. Subdivision 2 of said section mandates that "The proceeding shall be instituted in the county where the adoptive parents reside or, if such adoptive parents do not reside in this state, in the county where the adoptive child resides.”
In 1898, Justice Bartlett, speaking for the Court of Appeals, noted that "This form of domestic relation [i.e., adoption] was * * * unknown to the common law of England, and exists in this country only by virtue of statute.” (Matter of Thorne, 155 NY 140, 143.) Therefore, being a creature of statute, exact compliance with the statutory requirements is imperative. (Matter of Mendelsohn, 180 Misc 147; Matter of Anonymous, 47 Misc 2d 139; Matter of James M. G., 86 Misc 2d 960.)
The issue thus to be considered by this court is whether the petition herein may be entertained by this court by virtue of the infants "residence” within this county. It is conceded that at the time of the birth of the child, its residence was that of its natural mother. (Matter of Thorne, 240 NY 444.) It has been held that such residence continues to be the residence of the infant unless changed by the parent during infancy, or changed by a court of competent authority, or until the child, upon attaining majority, or after being emancipated by the parent(s), acquires another (cf. Van Matre v Sankey, 148 Ill 536; Johnson v Smith, 94 Ind App 619). Abandonment may also serve to change the residence of an infant. (Matter of Duren, 355 Mo 1222). Thus it would seem that a manifested intent to change an infant’s residence by a party having the power to do so, coupled with an actual physical transfer will operate to change such residence from that of the natural parent(s) to another situs.
The facts of the within case impel us to the conclusion that the child’s residence, for the purposes of adoption, is in the State of New Jersey and thus mandates a dismissal of the *80 petition. The child has resided in that jurisdiction (with the adoptive parents) since the third day following her birth. The surrender by the parent having the sole legal right to the child, on May 21, after the child had lived 59 of its 62 days with the adoptive parents, would indicate the requisite intent to change the infant’s residence. The residence thus became that of the adoptive parents. (Matter of Daisey, 19 PA D&C 660.)
The petition is therefore dismissed.