Charles W. AEGERTER et al.,
Petitioners-Appellants,

v.

John THOMPSON et al.,
Respondents-Respondents.

No. 41962.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 25, 1980.

J. D. Williamson, Jr., Independence, for petitioners-appellants.

Daniel Bollow, James D. McConnell, Bollow, Wallace & McConnell, James D. McConnell, Shelbina, for respondents-respondents.

SNYDER, Judge.

This is an appeal by Charles W. Aegerter and Margaret W. Wyss, grandparents of Stephanie Jill Aegerter (now Thompson), from a judgment dismissing their petition for visitation rights with their granddaughter. Respondents are Myrna Sue Thompson, the natural mother of, and John Thompson, the adoptive father of Stephanie.

Appellants claim the trial court erred when it sustained the motion to dismiss because their visitation rights could not be extinguished by the entry of a decree of adoption without notice to them or an opportunity to be heard. Although the trial court, having granted the motion to dismiss, rendered no judgment on visitation rights, appellants allege the trial court erred in denying their request for specific visitation rights because the evidence established that visitation would be in the best interests of their grandchild.

Appellants were not entitled to notice of the adoption proceedings. The trial court properly granted the motion to dismiss. The judgment is affirmed.

The facts in brief are these. Stephanie was born on June 27, 1975, the daughter of the marriage of Thomas William Aegerter and Myrna Sue Aegerter whose marriage was dissolved on February 9, 1976. Myrna Sue married John Thompson in September of 1976 and Thomas William Aegerter died on September 11, 1977. Respondents Myrna Sue and John Thompson adopted Stephanie by a decree of March 13, 1978.

Myrna Sue and her new husband, John Thompson, refused to allow appellants to visit with Stephanie after June 25, 1978.

Appellants had filed a petition for visitation on November 13, 1977, shortly after their son's death, which was dismissed without prejudice following a conference of appellants, respondents, and their attorneys in

1. All statutory references are to RSMo 1978 unless otherwise stated.

June of 1978. There was disputed testimony about whether respondents had agreed at that time to allow visitation privileges to appellants.

A new petition for visitation was filed on April 6, 1979. A motion to dismiss the petition was filed by respondents along with an answer. The trial court heard evidence after which it granted respondents' motion to dismiss. This appeal followed.

Appellants first contend that the trial court erred in granting the motion to dismiss. They claim that their rights of visitation with their granddaughter cannot be taken away by a decree of adoption entered without notice to them nor an opportunity for them to be heard. This is the only point which needs to be considered and it is ruled against appellants.

Appellants were not entitled to notice of the adoption proceedings under the statute. Section 453.060, RSMo 1978[1] prescribes the persons and organizations who shall be served with a writ of summons and a copy of the petition. Section 453.060.2 specifies: "Except as provided in this section, it is not necessary to serve any person, agency, organization or institution whose consent is not required under the provisions of sections 453.030 to 453.050." The statute requires service upon custodians and legal guardians but does not mention grandparents and the consent of grandparents to an adoption is not required by §§ 453.030 to 453.050.

Appellants' argument that they were deprived of their constitutional right to due process cannot be sustained. They cite the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Sections 2 and 10 of the Missouri Constitution. They argue further that it was unfair for the respondents to file their adoption petition while the petition for visitation rights was pending.

The problem which appellants cannot surmount is the absence of any enforceable visitation rights granted by a court. Section 452.402 does not, as appellants contend,

give rights of visitation to grandparents unless visitation is found to be in the child's best interest. The section provides a vehicle for grandparents to acquire visitation rights only if a court finds that such visitation is in the best interest of, and not harmful to, the child.

Section 452.400 allows a court to grant reasonable visitation rights to grandparents in a dissolution proceeding. No such rights were awarded at the dissolution of the marriage of Myrna Sue and Thomas William Aegerter.

Even if the visitation rights had been granted and were in effect at the time, it is questionable whether the grandparents would have been entitled to notice under the statutes as they are written. However, this court is not required to rule on that point and declines to do so.

Under the facts here, the grandparents had only an inchoate right under a statute permitting a court to grant or deny them reasonable visitation rights. Except for the intervening adoption, the court could have awarded or declined to award visitation rights to appellants. See *Barry v. Barrale*, 598 S.W.2d 574 (Mo.App.1980). Appellants had no constitutionally protected interest under § 452.400 or § 452.402.

Appellants cite no authority for the theory that grandparents have parental rights as do divorced fathers, *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965), or the putative father in *State ex rel. J.D.S. v. Edwards*, 574 S.W.2d 405, 407–408[1] (Mo. banc 1978); nor does the Missouri termination of parental rights statute, § 211.442, et seq., include grandparents. Grandparents did not have visitation rights at common law. 90 A.L.R.3d 222, 225 (1979). Except for §§ 452.400 and 452.402, appellants do not even have standing to litigate visitation. *Warman v. Warman*, 496 S.W.2d 286, 289[6] (Mo.App.1973).

Another very strong reason for holding that appellants were not entitled to notice of the adoption proceedings is the practical difficulty which would arise concerning notice to grandparents in other adoption cases. If this court were to hold that appellants were entitled to notice, then it could be argued that in every stepparent adoption case grandparents standing in the same relationship to the child as appellants do in the case under review would be entitled to notice. The adoption statute does not require this and instead specifically provides that no notice need be given except to the persons or agencies enumerated in the adoption statute.

The effect of the adoption decree is explained in § 453.090 which mandates that "all legal relationships and all rights and duties between such child and his natural parents (other than a natural parent who joins in the petition for adoption as provided in section 453.010) shall cease and determine." The law states unequivocally that all legal relationships and all rights and duties between a child and his natural parents are abrogated. In all logic this statutory abrogation should extend to the grandparents, parents of the natural parent whose rights are taken away.

A well-reasoned opinion on this subject may be found in *In Matter of Adoption of Gardiner*, 287 N.W.2d 555 (Iowa 1980). In *Gardiner* the court held that an adoption court had no authority to grant visitation rights to grandparents. The court discussed the conflict between the goals of creating a new family life for the adopted child and allowing visitation privileges to grandparents whose son or daughter is deceased. The court reasoned that under the Iowa statute that terminates the rights of natural parents on adoption, the rights of the natural grandparents are likewise ended. That reasoning is sound.

There is merit also in the argument that the adoptive parents should be able to determine the direction of the adopted child's life. The new parents are totally responsible for the child's welfare. They should also have the authority to determine what is best for the child.

Appellants cite *Barry v. Barrale*, 598 S.W.2d 574 (Mo.App.1980). There the court of appeals affirmed an award of visitation to paternal grandparents following the

death of their divorced son. However, *Barry v. Barrale* is distinguishable because there was no adoption there. Under the law Stephanie Jill is no longer considered to be the child of divorced parents or a deceased father. Appellants are not eligible to petition for visitation with her under § 452.400 or § 452.402 as though she were.

It is unnecessary to discuss appellant's second point which charges the trial court erred in denying visitation rights to appellants because visitation was shown to be in the child's best interest. The ruling that appellants were not entitled to notice is dispositive. The adoption removes Stephanie from the class of persons (children of deceased or divorced parents) to which §§ 452.400 and 452.402 apply.

The judgment of the trial court is affirmed.

DOWD, P. J., and REINHARD, J., concur.