**STATE ex rel. T.W.N. and K.A.N., Relators,**

**v.**

**The Honorable Dennis J. KEHM, Respondent.**

**No. 57267.**

Missouri Court of Appeals,
Eastern District,
Writ Division Six.

Oct. 31, 1989.

Allan F. Stewart, Catherine W. Keefe, Clayton, for relators.

Kathleen Nuzzo, Hillsboro, for respondent.

SIMEONE, Senior Judge.

This is an original proceeding in prohibition seeking to prohibit the Honorable Dennis J. Kehm, Judge, from entering an order in an adoption proceeding which would require S.G.J., the mother of J.P.J. born on May 16, 1989, to inform her parents of the pending adoption by T.W.N. and K.A.N. We issued our preliminary order on September 13, 1989, and we now make our preliminary order permanent.

S.G.J., a single woman, age sixteen, gave birth to a son, J.P.J. on May 16, 1989. The parents of S.G.J. reside in California. S.G.J. left her parents, J.J. and C.J., and moved to Missouri to attend school. Since August, 1988, she has resided with her grandmother, M.J., in St. Louis County. On or about March 7, 1989, and prior to the birth of her child, S.G.J. contacted Family Adoption and Counseling Services, Inc., a duly licensed child placement agency, authorized by §§ 210.481 and 210.486, RSMo 1986, to make arrangements for the placement of her child for purposes of adoption. Since March, 1989, S.G.J. has been counseled by a social worker and her grandmother, M.J. On May 16, the child was born. On May 18, 1989, the mother, S.G.J., formally gave her consent to Family Adoption to remove the child from the hospital and temporarily place him with the agency for purposes of foster care. On the same date, May 18, 1989, S.G.J. signed an "adoption placement agreement," agreeing to place the child with Family Adoption of adoption, and, in the presence of her grandmother, signed a "Consent of Parent to Adoption." § 453.030.3. The "Consent of Parent to Adoption" stated that S.G.J. understood that a decree of adoption would terminate her parental rights. On May 22, 1989, the child was placed in foster home in Jefferson County by Family Adoption pending a court hearing on relators' petition for transfer of custody for subsequent adoption. The child remains in the foster home.

On May 25, 1989, the relators, T.W.N. and his wife, K.A.N., filed their petition in two counts—Count I for transfer of custody and Count II for adoption. The petition alleged that the relators were married in

1983 and are living as husband and wife in St. Louis. They sought an order to transfer custody of J.P.J. for the purposes of future adoption, and alleged that the adoption would be in the best interests of the child. In Count II of the petition, they prayed for a decree of adoption. A guardian ad litem was appointed for the minor child, J.P.J. and a separate guardian was appointed for the mother, S.G.J.

On June 21, 1989, a hearing was held before respondent on the first count of the relators' petition, but no order was entered. At the hearing, respondent expressed his desire that S.G.J. inform her parents J.J. and C.J. (the maternal grandparents of the child) of the adoption and advised relators to return to court when there was a verification that the grandparents had been notified of the birth of the child and of the adoption proceedings. The court reviewed the social history of S.G.J. and found that she was not living with her parents, and that she refused to tell her parents of her pregnancy, the birth, or the placement of her son for adoption. At the June 21 hearing, S.G.J. testified that she had been addicted to drugs, was removed from school for failure to attend, and that she moved to Missouri to live with her grandmother to avoid friends. At that hearing, respondent said he would not approve the consent to adopt until she discussed the matter with her parents. At the June hearing, the guardian ad litem for the mother, S.G.J. concurred with S.G.J.'s belief that placement of the child was in the best interests of the child and it was what S.G.J. desired. Her guardian ad litem further stated that, in his opinion, S.G.J. was mature enough to consent to the adoption. The guardian ad litem also concurred in her decision not to inform her parents. In August, 1989, S.G.J. informed Family Adoption that her parents were still not aware of the birth of her child and that she did not want to inform them of the child's birth.

At the close of the June 21 hearing, the court stated:

Let the record reflect this matter came on for hearing. Appearances are those previously noted by the Court. The Court at this time finds that the natural that [sic] the parents of the juvenile mother of this child are the natural guardians of this child. That is clearly stated in Missouri Probate law and is clearly the law. The Court believes that until such time as this child has discussed this matter with her parents that the child cannot make a knowing and voluntary and mature decision to consent to this adoption. Therefore, until such time as this Court is satisfied that that discussion has occurred the Court will not approve the consent. That is the finding of the Court. Pending that, the child will remain in the legal custody of Family Counseling and Adoption Services. If there are any other transfers that need to be done, the Court will be notified of that.

On September 1, 1989, respondent convened a conference with all counsel and advised counsel that on September 14, he would issue an order requiring notice be given to S.G.J.'s parents of the proceeding for adoption by serving them with a copy of the petition to transfer custody and adoption filed by relators. He further advised counsel that the child would be placed with the Division of Family Services for placement in a foster home. The proposed order, dated September 6, 1989, stated:

### MEMORANDUM

Comes now the Court on its own motion and advises counsel for the parties and C.R.T. of Family Adoption Counseling Services, Inc. herein that on September 14th, 1989 the Court intends to enter the following order:

1. That Family Adoption and Counseling Services is Ordered to provide to Linda K. Schilly, Clerk of the Court not later than September 21, 1989 the addresses of [J. & C.J.], maternal grandparents of [J.P.J.].

2. In the event that the addresses of said maternal grandparents are not within the control of FACS, Inc. the Court shall set this matter for hearing and the mother [S.J.] shall be ordered to provide the addresses to the Clerk.

3. That upon receipt of the information referred to in paragraphs 1 & 2 above, all pleadings in this matter are to be mailed by Certified Mail, Return Receipt Requested to [J. & C.J.], after adoptive parents name and any other information in said pleadings which would identify said petitioners shall be deleted from said pleadings.

4. That pending further order of the Court the child is to be placed in the legal custody of the Missouri Division of Family Services for placement in a foster home.

Throughout the pregnancy, birth and placing the child for adoption, S.G.J. decided not to inform her parents of either the pregnancy, birth, or adoption proceedings. She counseled with both her grandmother and Family Adoption and has remained firm in her decision not to inform her parents.

On September 13, 1989, relators petitioned this court for a writ of prohibition seeking to prohibit respondent from enforcing his proposed order.

The primary issue which must be resolved, upon the record, is whether the court can condition the consent of S.G.J. upon informing her parents that she gave birth and that she has consented to an adoption of her child. The issue is a sensitive one.

After reviewing the record, the legal authorities, and the statutes of Missouri, we conclude that the parents of S.G.J., or the grandparents of the child, are not entitled to be notified of the adoption or served with pleadings.

■ At oral argument, counsel for respondent suggested that the basis of the proposed order was that respondent had determined that S.G.J.'s consent was not knowing and voluntary, and that until she informed her parents and sought their advice, respondent would not approve her consent to adopt. This determination, it was suggested, was based on respondent reviewing the social history of S.G.J., and after hearing testimony from her at the June hearing. But we need not resolve this issue in this proceeding, because we deal solely with the legitimacy of the formal, proposed order dealing with required notification of the adoption to S.G.J.'s parents. A trial court, in matters of adoption, certainly has wide discretion to determine whether a consent to adopt is freely, knowingly, and voluntarily made. This determination may be made from multiple sources. But in this proceeding, the respondent cannot base voluntariness of the consent solely on the requirement that the parents of the mother be informed and notified of the adoption or served with adoption papers. Dealing solely with the formal, proposed order of respondent, we conclude that the respondent abused his discretion, and that our preliminary order in prohibition must be made permanent.

■ Under the present law of Missouri, the grandparents of a child whose mother has consented to have the child adopted, are not necessary parties to an adoption proceeding and are not entitled to notice of the adoption proceedings.

Section 453.030.4, RSMo 1986, provides that the "written consent to adoption ... shall be valid and effective even though the parent consenting was under eighteen years of age at the time of the execution thereof." Section 453.060, RSMo prescribes the persons and organizations who shall be served with a copy of the petition to adopt. That section requires a copy of the petition to be served on specified persons and organizations, but grandparents are not among those required to be served. Subsection 2 of 453.060 provides that, except as provided in this section, "it is not necessary to serve any person, agency, organization or institution whose consent is not required under the provisions of sections 453.030 to 453.050." The statute requires service on custodians and legal guardians but does not mention grandparents. Furthermore, the consent of grandparents to an adoption is not required by §§ 453.030 to 453.080.

In the few reported decisions discussing the issue at hand, all have held that grandparents are not necessary parties to an adoption proceeding and are not entitled to

notice of the proceedings under statutes, or the federal or state constitutions.

In *Aegerter v. Thompson*, 610 S.W.2d 308 (Mo.App.1980), the paternal grandparents petitioned for visitation rights with their granddaughter after the granddaughter was adopted by the natural mother and her second husband. The first marriage was dissolved and no provision was made for visitation rights of the grandparents under § 452.402, RSMo.[1] The grandparents contended that their visitation rights could not be extinguished by a decree of adoption without notice to them. This court rejected their contention and held that the grandparents "were not entitled to notice of the adoption proceedings." 610 S.W.2d at 309.

In *Kambitch v. Ederle*, 642 S.W.2d 690 (Mo.App.1982), the court denied intervention in an adoption proceeding to a grandmother. "Missouri law does not extend visitation rights to the natural grandparents of adopted children." 642 S.W.2d at 694.

Decisions in other jurisdictions have reached the same conclusion. *In re Anonymous*, 47 Misc.2d 139, 261 N.Y.S.2d 806 (Surr.Cr.1965)—maternal grandmother not necessary party to adoption proceedings; *In re Watson's Adoption*, 45 Haw. 69, 361 P.2d 1054 (1961)—paternal grandfather had no legal interest or custodial rights to child and is not entitled to notice; *see annot.*, 48 A.L.R.4th 860, 900 (1986)—grandparents not required parties in adoption proceedings.

◼ Under these decisions, grandparents are not entitled to notice or service of the petition for transfer of custody and for adoption. Since the grandparents have no legal right to notification and have no legal standing to be notified of an adoption, the respondent exceeded his jurisdiction in ordering Family Adoption or the mother, S.G.J., to provide the address of the parents of S.G.J.

◼ Although the grandparents of this child undoubtedly have a deep interest in their daughter and their grandchild, and seek the best interests of their daughter, S.G.J. had, under the law of Missouri, the right to decline to inform her parents. However emotional it may be to her parents, and as grandparents of an infant grandson, the privilege not to inform the parents rests with S.G.J.

◼ As to paragraph 4 of the respondent's proposed order that, pending further order of court, the legal custody of the child be placed in the Division of Family Services, we hold that this portion of the order is arbitrary and an abuse of discretion.

At the close of the June hearing, the court stated that pending approval of consent, the child "will remain in the legal custody of Family Counseling and Adoption Services. If there are any other transfers that need to be done, the court will be notified of that." But, the proposed order in paragraph 4, then orders that the child is to be placed in the legal custody of the Division of Family Services.

There is nothing in the record before us to show the basis for this part of the order. There is nothing in the record to indicate that the child was in any way neglected. There is no indication that the welfare of the child is in jeopardy by being in the present foster home. Furthermore, there was no request made by the parties to transfer the legal custody of the child to the Division of Family Services.

Under these circumstances, and under the limited facts presented to us, we must conclude that paragraph 4 of respondent's proposed order is arbitrary and is an abuse of discretion.

Prohibition is a proper remedy. *State ex rel. Gulf Oil Corp. v. Weinstein*, 379 S.W.2d 172, 175 (Mo.App.1964); *State ex rel. Anheuser v. Nolan*, 692 S.W.2d 325, 327 (Mo.App.1985); Rule 97.

---

1. The parties refer to § 452.402—dealing with grandparents' rights of visitation in a dissolution proceeding. That section, amended in 1988, deals with rights in dissolution cases not adoption proceedings.

Our preliminary order heretofore issued is made permanent.

CARL R. GAERTNER, P.J., and GRIMM, J., concur.