RUTH L., Appellant,

v.

STATE of Missouri, Respondent.

In the Interest of J.E.S.,
D.S.S., and M.D.S.

No. 17564.

Missouri Court of Appeals,
Southern District,
Division Two.

April 28, 1992.

Motion for Rehearing or to
Transfer Denied May 13, 1992.

Application to Transfer Denied
June 30, 1992.

William A. Wear, Jr., James R. Sharp, Wear, Karchmer & Nelms, Springfield, for appellant.

Lisa A. Ghan, Lowther, Johnson, Joyner, Lowther, Cully & Housley, Springfield, for respondent.

FLANIGAN, Chief Judge.

Appellant Ruth L. appeals from an order of the Circuit Court of Greene County, Juvenile Division, denying her motion to intervene in the underlying juvenile proceeding. The motion was based on Rule 52.12(a),[1] which deals with intervention of right. An order denying a motion to intervene of right is appealable. *State ex rel. Reser v. Martin,* 576 S.W.2d 289, 291[1] (Mo.banc 1978); *Ozark County School Dist. R–V of Ozark County v. Lay,* 358 S.W.2d 77, 79[2] (Mo.App.1962).

Appellant's sole point is that the trial court erred in denying her motion to intervene in that she had a right to intervene under Rule 52.12(a).[2]

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

2. Appellant's alternate contention that the trial court erred in refusing "to allow appellant to permissively intervene" under Rule. 52.12(b), need not be considered because if, as this court holds, appellant had no right to intervene under

On August 26, 1988, the petition instituting the underlying proceeding was filed by the juvenile officer of Greene County under Chapter 211 in the interest of appellant's three grandchildren, J. (born 1977), D. (born 1979), and M. (born 1981).

The petition alleged: The children were in the custody of their natural father and were without adequate and proper care, and their immediate safety and well-being was endangered; D. had been subjected to sexual molestation by his father; the mental health of the father and the emotional instability of the mother made them unsuitable custodians; the children were legally neglected as defined in Chapter 211 RSMo.

The petition requested that the juvenile court accord the children special protection and treatment as appropriate under Chapter 211. Also on August 26, 1988, the trial court entered an order placing the children in the temporary legal custody of the Division of Family Services ("the division").

On January 12, 1989, the court held a jurisdictional hearing attended by the juvenile officer, the guardian ad litem for the children, the natural parents and their respective attorneys. The court found that the children were within the court's jurisdiction under § 211.031.1(1) and that the allegations of the petition were true. The order continued temporary legal custody of the children in the division for appropriate care. Subsequent hearings were held and the court received reports from the division with regard to the progress of the children under the treatment plans which had been approved and implemented. On August 8, 1990, the court ordered that the children continue in the temporary legal custody of the division for appropriate care.

On April 26, 1991, appellant filed a motion to intervene "pursuant to Rule 52.12." The motion stated: Movant is the natural grandmother of the children; § 452.375.-4(3)(b) allows third parties to intervene in a custody action when the court finds that each parent is unfit, unsuitable, or unable

to be a custodian; § 452.402, concerning grandparents' visitation rights, grants movant rights to the children which may be substantially affected by the ruling of the court; movant understands that the division is petitioning the court to place M. in the physical custody of [two named people] who intend to move out of the country with M.; movant has requested the division to place M. in her physical care and custody, and the division has "arbitrarily" denied the request; the current proceedings "will, as a practical matter, impede [movant's] ability to protect their (sic) visitation and custody rights in [M.]" and movant should be allowed to intervene. The court overruled appellant's motion to intervene, and this appeal followed.

Appellant seeks to advance certain constitutional arguments in support of her point, but they will not be considered. "In order to preserve a constitutional question for review ... it must be presented to and passed upon by the lower court." *Fahy v. Dresser Industries, Inc.,* 740 S.W.2d 635, 639[5, 6] (Mo. banc 1987). Appellant first raised her constitutional arguments in her brief in this court and thereby failed to preserve them. *Id.*

"Rules 110 through 128 shall govern practice and procedure in the juvenile courts under Chapter 211 RSMo." Rule 110.01. "If no procedure is specifically provided in these Rules, the juvenile court shall be governed by the practice and procedure customary in proceedings in equity, and by Rules 41 through 101 to the extent not inconsistent therewith." Rule 110.04.

■ A grandparent, unless the grandparent is the custodian of the juvenile, is not included in the definition of "party" contained in Rule 110.05(a)(16). A party has certain rights in a Chapter 211 proceeding, including the right to counsel, Rule 116.01, the opportunity to cross-examine witnesses, to testify, to present evidence, and to present arguments. Rule 119.02(b). A party may at any time petition the court

Rule 52.12(a), she has no standing to appeal. "[T]he permission to intervene is purely discretionary, and an order refusing it is not a final judgment reviewable on appeal." *Ratermann v.*

*Ratermann Realty & Investment Co.,* 341 S.W.2d 280, 286[1] (Mo.App.1960). See also *City of Hannibal v. Winchester,* 360 S.W.2d 371, 375[10] (Mo.App.1962).

in writing for a modification of the judgment or for termination of jurisdiction. Rule 119.09(c).

Rule 117.02 reads, in pertinent part: "The court may *in its discretion,* consistent with the welfare of the juvenile and the objectives of the Juvenile Code, admit to hearings *persons with a direct interest* in a given case. . . ." (Emphasis added.)

When, as here, a juvenile has been placed in foster care by the court, the court is required to hold a dispositional review hearing within 18 months next following the initial foster care placement and, if the juvenile remains in foster care, the court shall hold dispositional review hearings annually thereafter. Rule 119.08(a).

Rule 119.08(b) reads:

After each dispositional review hearing, the court shall determine whether the juvenile should be continued in foster care or should be returned to a parent, guardian or *relative* or proceedings should be instituted to terminate parental rights and legally free the juvenile for adoption and shall record any actions taken. In making its determination, the court may consider:

. . . . .

(5) whether the possibility exists of establishing a date by which the juvenile may likely be returned to a parent, guardian or *relative* or termination of parental rights proceedings commenced to free the juvenile for adoption. (Emphasis added.)

Rule 52.12(a) reads:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Does Rule 52.12(a)(1) support appellant's point? In her motion, appellant cited

§ 452.375.4(3)(b) and § 452.402. Those statutes are contained in the portion of Chapter 452 which deals with dissolution of marriage. Section 452.375 deals with joint legal custody and joint physical custody in dissolution proceedings. Section 452.375.-4(3) deals with third party custody or visitation. Section 452.375.4(3)(b) reads: "Under the provisions of this subsection, *any person may petition* the court to intervene as a party in interest at any time as provided by supreme court rule." (Emphasis added.) Section 452.402.1(1) reads, in pertinent part: "A grandparent shall have the right to intervene *in any dissolution action* solely on the issue of visitation rights." (Emphasis added.)

Neither § 452.375.4(3)(b) nor § 452.-402 confers on a grandparent an unconditional right to intervene in a Chapter 211 proceeding. In *State ex rel. T.W.N. v. Kehm,* 787 S.W.2d 728, 732 n. 1 (Mo.App. 1989), the court pointed out that § 452.402 deals with rights in dissolution cases and does not apply in an adoption proceeding.

No Missouri statute confers upon appellant an unconditional right to intervene in this proceeding, and she is not entitled to prevail on the basis of Rule 52.12(a)(1).

Does Rule 52.12(a)(2) support appellant's point? In order to be entitled to intervene under Rule 52.12(a)(2), the applicant must show three elements: (1) an "interest" in the subject of the action in which he seeks to intervene; (2) that his ability to protect his interest will be impaired or impeded as a practical matter; and (3) that his interest is not adequately represented by the existing parties. *State ex rel. Mercantile Bank v. Pinnell,* 804 S.W.2d 63, 65 (Mo.App. 1991).

In *P.W. v. A.W.,* 670 S.W.2d 563 (Mo. App.1984), a grandparent sought to intervene in a neglect proceeding, where the jurisdiction of the juvenile court was based upon § 211.031.1(1). The trial court denied the grandparents' motion to intervene and they appealed. The grandparents argued that § 211.181 gave them preference with respect to custody because they were relatives of the child, and the child and the mother were living with them. Citing

*Kambitch v. Ederle,* 642 S.W.2d 690 (Mo. App.1982), which held that natural grandparents had no right to intervene in an adoption proceeding, the court held that the trial court did not err in denying grandparent intervention.

In *Matter of Trapp,* 593 S.W.2d 193 (Mo. banc 1980), a neglect proceeding under § 211.031, foster parents of the children sought to intervene under Rule 52.12(a)(2) and the trial court permitted intervention. The supreme court held that the foster parents had no right to intervene because they lacked an "interest" as required by Rule 52.12(a)(2). *Id.* at 204. The court said that the subject matter of the neglect proceeding was the current fitness of the mother to regain custody of her children, and that the alleged interest of the foster parents did not constitute " 'an immediate and direct claim upon the very subject matter' of the pending neglect proceeding." *Id.* The court said that the foster parents did not gain or lose by the direct operation of a judgment in the neglect proceeding, and that they had no legal right which would be directly enlarged or diminished by the judgment of the juvenile court. The court also held that § 452.485, which is contained in the Uniform Child Custody Jurisdictional Act, § 452.440 to § 452.550, did not confer a right on foster parents having physical custody of a child to intervene in a neglect proceeding. *Id.* at 205.

Although *Trapp* involved foster parents rather than grandparents, the policy reasons mentioned by the court are present here. At 205–206 the court said:

> There are sound policy reasons for rejecting respondents attempt to intervene in this proceeding. The presence of the foster parents in this action would tend to interject the false issue of the fitness of the foster parents to have custody of the children. The sole issue before the juvenile court in this proceeding is the present fitness of the parents to have custody of their children returned to them. Chapter 211, RSMo 1978, authorizes removal of custody from parents only when one or more of the statutory conditions is satisfied. The General Assembly has not authorized the removal of

children from the custody of their parents on the ground that the children would be "better off" in another home. *See S.K.L. v. Smith,* 480 S.W.2d 119, 125 (Mo.App.1972).

In *In the Matter of J.F.K.,* No. WD 44753, 1992 WL 67083 (Mo.App. Apr. 7, 1992), a juvenile proceeding under § 211.031, foster parents filed a motion to intervene, and the trial court denied the motion. The ruling was affirmed on appeal. The court held the foster parents did not have the necessary "interest," under Rule 52.12(a), to require intervention.

This proceeding is one under § 211.031.1(1), and the juvenile court assumed jurisdiction on the basis of neglect and, indeed, abuse. This is a proceeding of focus and immediacy. In such a proceeding, custody of the children is "merely transferred temporarily," *State ex rel. Balch v. Dalton,* 627 S.W.2d 295, 298 (Mo.banc 1982), and the juvenile court's continuing jurisdiction is reserved under § 211.041. *Id.*

This court holds that appellant did not have a right to intervene under Rule 52.12(a) and that the trial court properly denied her motion to intervene. Appellant's point has no merit.

■ This does not mean that appellant is left without remedy. Section 211.181.1 authorizes the court, when a child is found to come within the provisions of § 211.031.1(1), to make an order with regard to the placement of the child, including the type of order entered here. Section 211.251.1 provides that a decree of the juvenile court made under the provisions of § 211.181 may be modified at any time on the court's own motion.

Section 211.251.2, as amended in 1989, reads:

> The juvenile officer, the parent, guardian, legal custodian, spouse, *relative* or next friend of a child committed to the custody of an institution or agency may, at any time, petition the court for a modification of the order of custody. The court may deny the petition without hearing or may, in its discretion, conduct a hearing upon the issues raised and may

**532**

make any orders relative to the issues as it deems proper. (Emphasis added.)

The judgment is affirmed.

MAUS and MONTGOMERY, JJ., concur.