In re the ADOPTION OF R.S. and D.S.

Cary Hutton and Paula Hutton,
Petitioners–Appellants,

v.

Mark French and Jeania French,
Intervenors–Respondents.

No. 28043.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 20, 2007.

2003, to May 26, 2004, the children were placed by the Missouri Department of Social Services, Children's Division ("Children's Division"), with the Frenches, because their parents were running an active methamphetamine lab from the children's closet in their home. The initial case goal for the children, by the Children's Division, was reunification with Laci. While the children were living with the Frenches, the Huttons had visitation with them every other weekend and alternating holidays.

On May 26, 2004, the Children's Division returned the children to Laci for an extended visit, and she was given complete custody on August 17, 2004. The children were returned to the care of the Children's Division on October 7, 2004, because of relapses and continued drug use by Laci and Nathan.

After a hearing, the Jasper County Juvenile Division ("Juvenile Division") placed the children with the Huttons. The Children's Division and the Guardian Ad Litem agreed with the change in placement from the Frenches to the Huttons because they believed the Frenches enabled Nathan's drug use and they had concerns with Jeania because she had been arrested for a DWI, after causing an automobile injury accident, and failed to report this information to the Children's Division until a year later. The Juvenile Division granted the Frenches unsupervised visitation with the children on alternating weekends, which they exercised.

On April 26, 2005, Laci executed a written consent terminating her parental rights to the children. On June 9, 2005, the Huttons filed a petition for transfer of custody and adoption of the children and termination of parental rights. Nathan did not consent and contested the adoption. The Frenches filed a "Motion to Intervene" in this action asking the Juve-

Joseph L. Hensley, The Hensley Law Firm, L.L.C., Joplin, for Appellants.

Richard D. Bender, Springfield, for Respondents.

PHILLIP R. GARRISON, Judge.

This is an appeal by Paula and Cary Hutton ("the Huttons"), maternal grandparents and adoptive parents of, six-year-old R.S., and four-year-old D.S. (collectively referred to as "the children"), from a judgment granting visitation to Jeania French, paternal grandmother, ("Jeania") and Mark French, paternal step-grandfather, ("Mark") (collectively referred to as the "the Frenches"). We reverse.

R.S. and D.S. were the natural children of Laci Hutton ("Laci") and Nathan Small ("Nathan"). Both of the children were born in the State of Kansas. From May 2,

nile Division to allow them to intervene pursuant to Sections 211.177 and 452.375.5.[1] The Juvenile Division granted this motion. Subsequently, the Frenches filed a motion for visitation and a proposed visitation schedule.

Thereafter, after hearing the issues of termination of parental rights and adoption, the Juvenile Division ordered the parental rights of both Laci and Nathan terminated and transferred custody of the children to the Huttons for the purpose of future adoption. Later, the Juvenile Division entered a "Final Judgment of Adoption" allowing adoption of the children by the Huttons. The issue of whether to grant the Frenches visitation remained undecided.

Following the adoption the Huttons filed a motion to dismiss the Frenches' motion for visitation because the Frenches did not meet the requirements of Section 452.402.[2] They also requested that Mark be removed from the case because he was a step-grandparent and not a biological grandparent. The Frenches filed an answer to the Huttons' motion to dismiss, along with an amended proposed visitation schedule. A hearing was held and the Juvenile Division entered a judgment over-

---

1. All references to statutes are to RSMo (2000), unless otherwise indicated.

2. Section 452.402 states:

 1. The court may grant reasonable visitation rights to the grandparents of the child and issue any necessary orders to enforce the decree. The court may grant grandparent visitation when:
 (1) The parents of the child have filed for a dissolution of their marriage. A grandparent shall have the right to intervene in any dissolution action solely on the issue of visitation rights. Grandparents shall also have the right to file a motion to modify the original decree of dissolution to seek visitation rights when visitation has been denied to them; or
 (2) One parent of the child is deceased and the surviving parent denies reasonable visitation to a parent of the deceased parent of the child; or
 (3) The child has resided in the grandparent's home for at least six months within the twenty-four month period immediately preceding the filing of the petition; and
 (4) A grandparent is unreasonably denied visitation with the child for a period exceeding ninety days. However, if the natural parents are legally married to each other and are living together with the child, a grandparent may not file for visitation pursuant to this subdivision.
 2. The court shall determine if the visitation by the grandparent would be in the child's best interest or if it would endanger the child's physical health or impair the child's emotional development. Visitation may only be ordered when the court finds such visitation to be in the best interests of the child. However, when the parents of the child are legally married to each other and are living together with the child, it shall be a rebuttable presumption that such parents know what is in the best interest of the child. The court may order reasonable conditions or restrictions on grandparent visitation.
 3. If the court finds it to be in the best interests of the child, the court may appoint a guardian ad litem for the child. The guardian ad litem shall be an attorney licensed to practice law in Missouri. The guardian ad litem may, for the purpose of determining the question of grandparent visitation rights, participate in the proceedings as if such guardian ad litem were a party. The court shall enter judgment allowing a reasonable fee to the guardian ad litem.
 4. A home study, as described by section 452.390, may be ordered by the court to assist in determining the best interests of the child.
 5. The court may, in its discretion, consult with the child regarding the child's wishes in determining the best interest of the child.
 6. The right of a grandparent to maintain visitation rights pursuant to this section may terminate upon the adoption of the child.
 7. The court may award reasonable attorneys fees and expenses to the prevailing party.

ruling the Huttons' motion to dismiss, finding that it would be in the best interest of the children to have visitation with the Frenches, and awarding the Frenches visitation based upon their amended proposed visitation schedule. The Huttons now appeal this judgment.

In their first three points, the Huttons claim the Juvenile Division erred in awarding the Frenches visitation because the requirements of Section 452.402 were not met. The Frenches in their brief make no argument that Section 452.402 is applicable to the facts of this case and during oral argument conceded that it is not applicable. Based upon the mutual agreement of the parties, we will assume, without deciding, that Section 452.402 is not applicable. Instead, the Frenches claim the award of visitation was statutorily authorized under Section 211.177 or Section 452.375.5.

■■■ "In grandparent visitation cases, as in most court-tried cases, an appellate court … will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Hampton v. Hampton*, 17 S.W.3d 599, 601 (Mo.App. W.D.2000). "Grandparents did not have visitation rights at common law." *Aegerter v. Thompson*, 610 S.W.2d 308, 310 (Mo. App. E.D.1980). Therefore, the Frenches' award of visitation will not stand absent statutory authority granting them, as grandparents, visitation rights. The Juvenile Division's judgment did not specify the statute relied on to grant visitation to the Frenches. Instead, it states:

The Court has fully considered the provisions of § 211.177.2 RSMo which gives a grandparent the right to intervene in proceedings wherein the subject of the termination of parental rights is at issue and further provides for the survival of that intervention action "where a child is adopted by … another grandparent or other blood relative."

It also states, "The Court has also considered the provisions of § 452.402 RSMo, but has concerns about the applicability of that statute[.]" Having conceded that Section 452.402 is not applicable, the Frenches claim their award of visitation was authorized by Section 211.177, or in the alternative by Section 452.375.5.

■■■ Section 211.177 states:

1. A grandparent shall have a right to intervene in any proceeding initiated pursuant to the provisions of this chapter, in which the custody of a grandchild is in issue, unless the juvenile judge decides after considering a motion to intervene by the grandparent that such intervention is against the best interest of the child.

2. The right of a grandparent to intervene pursuant to the provisions of this section may terminate upon the adoption of the child, except where the child is adopted by a stepparent, another grandparent or other blood relative.

In this case, the Juvenile Division held a full hearing on two separate but related issues: the termination of Mark and Laci's parental rights, pursuant to Section 211.447, and the adoption of R.S. and D.S. by the Huttons, pursuant to Chapter 453.[3] The Frenches filed a motion to intervene and the Juvenile Division allowed interven-

---

**3.** Though the legal file does not contain a copy of the amended petition we glean from the Juvenile Division's "Judgment Terminating Parental Rights and Judgment of Adoption" that the termination was brought under Chapter 211 and the adoption under Chapter 453. Further, both parties agreed during oral argument that the adoption was brought under Chapter 453.

tion.[4] However, while Section 211.177 grants a party a right to intervene in certain cases, it does not mention grandparent visitation.[5] In fact, Section 211.177 does not specifically grant the court authority to grant any party visitation in an adoption proceeding initiated under Chapter 453. Therefore, Section 211.177 contains no statutory authority for granting the Frenches, as grandparents, visitation rights.

The Frenches also rely on Section 452.375.5 for the right to be granted visitation.[6] Section 452.375.5 states:

Prior to awarding the appropriate custody arrangement in the best interest of the child, the court shall consider each of the following as follows:

. . . .

(5) Third-party custody or visitation:

(a) When the court finds that each parent is unfit, unsuitable, or unstable to be a custodian, or the welfare of the child requires, and it is in the best interests of the child, then custody, temporary custody or visitation may be awarded to any other person or persons deemed by the court to be suitable and able to provide an adequate and stable environment for the child. Before the court awards custody, temporary custody or visitation to a third person under this subdivision, the court shall make that person a party to the action;

(b) Under the provisions of this subsection, any person may petition the court to intervene as a party in interest at any time as provided by supreme court rule.

 It is unlikely this statute was ever intended to be used to grant a party a right to visitation in an "adoption" case. First, the statute is speaking of providing a "custody arrangement" for a child. While an adoption certainly entails the adoptive parents receiving both legal and physical custody of the child, it is different than just granting custody to a parent or a third party. "When a child is adopted . . .

---

**4.** The Huttons do not challenge the intervention and therefore we need not decide whether Section 211.177 gives a party a statutory right to intervene in an adoption proceedings brought under Chapter 453. *See In re Adoption of H.M.C.*, 11 S.W.3d 81, 90 (Mo.App. W.D.2000) (discussing but not deciding whether Section 211.177 is applicable to adoption proceedings brought under Chapter 453). However, even if the Frenches did not have a statutory right to intervene in the adoption proceeding brought under Chapter 453, it has been held that intervention by a grandparent can be permissively granted by the trial court. *See In re K.W.*, 32 S.W.3d 674, 676–77 (Mo.App. W.D.2000) (Holliger, J., concurring); *In re Adoption of H.M.C.*, 11 S.W.3d at 90; *In re Adoption of K.L.G.*, 639 S.W.2d 619, 621–22 (Mo.App. S.D.1982). Therefore, the Juvenile Division had the authority to permissively allow the Frenches to intervene.

**5.** To date, a grandparent has only been allowed to intervene, pursuant to Section 211.177, and petition the court for custody or visitation in proceedings, pursuant to Section 211.031, to determine custody of the child after the juvenile court or family court has assumed jurisdiction of said child. *See In re M.B.*, 91 S.W.3d 122 (Mo.App. E.D.2002) (finding grandparent intervention to be "against the best interests of the child" and denying it); *In re C.M.D.*, 18 S.W.3d 565 (Mo.App. W.D.2000); *Long v. Seely*, 975 S.W.2d 208 (Mo.App. E.D.1998). *See also In re C.M.D.*, 18 S.W.3d 556, 565 (Mo.App. W.D. 2000) (holding that Section 211.177 does not allow intervention in a termination of parental rights proceeding). This is not the factual scenario of this case.

**6.** The Frenches in their "Motion to Intervene" claimed Section 452.375.5 gave them a statutory right to intervene in this case. The Huttons do not challenge the intervention and, therefore, we need not decide whether Section 452.375.5 gives a party a statutory right to intervene in adoption proceedings brought under Chapter 453. However, a court can allow grandparents permissive intervention. *See* Footnote 4 supra.

all legal relationships and all rights and duties between such child and his natural parents ... shall cease and ... [s]uch child shall thereafter be deemed and held to be for every purpose the child of his parent or parents by adoption[.]" Section 453.090. Accordingly, in an adoption proceeding, unlike in a proceeding awarding custody to a parent or a third party, the legal rights of a natural parent are completely abrogated. Id. This "statutory abrogation extends to grandparents—parents of the natural parent whose rights were taken away" as well. *In re Marriage of A.S.A.,* 931 S.W.2d 218, 225 (Mo.App. S.D.1996). Therefore, Section 452.375.5 does not give a grandparent a statutory right to visitation in an adoption proceeding commenced under Chapter 453.

 More importantly, under Section 452.375.5 a court can grant a third-party visitation only if it finds "each parent is unfit, unsuitable, or unable to be a custodian, or the welfare of the child requires" it. In this case, the Juvenile Division never made these findings regarding the Huttons, the adoptive parents. In fact, after a full hearing and after reviewing the written reports submitted to the Juvenile Division, it found just the opposite. The Juvenile Division specifically found the Huttons were "suitable as parents for the children," and "have the ability to properly care for, maintain, and educate the minor children." It further found that the adoption was in the best interest of the children because it provided them with "a loving and financially supportive father and mother." Therefore, even if Section 452.375.5 was applicable in this case, the absence of the necessary findings under Section 452.375.5 negates the award of visitation to the Frenches.

Sections 211.177 and 452.375.5 do not give the Frenches statutory authority for grandparent visitation. The only statute which would allow the Frenches to obtain grandparent visitation would be Section 452.402. *See Aegerter,* 610 S.W.2d at 310. Both parties agree that that statute does not apply in this case. We therefore reverse the award of visitation to the Frenches. Because we reverse the award of visitation we need not reach the question of whether Mark, as a step-grandparent, can be awarded visitation.

The trial court's award of visitation is reversed.

BATES, C.J., and LYNCH, J., concur.