

# In the Missouri Court of Appeals
# Eastern District

## NORTHERN DIVISION

| | | |
|---|---|---|
| LORI ROSS, | ) | No. ED107725 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Ralls County |
| vs. | ) | 12RL-CV00278-02 |
| | ) | |
| KYLE SCOTT and CHARLOTTE SCOTT, | ) | Honorable Rachel Bringer Shepherd |
| | ) | |
| Respondents. | ) | Filed: December 10, 2019 |

## OPINION

Third-party petitioner Lori Ross ("Ross") appeals the grant of summary judgment entered in favor of Kyle Scott (individually "Kyle Scott" or "Kyle")[1] and Charlotte Scott (individually "Charlotte Scott" or "Charlotte") (collectively "Third-Party Respondents" or "Parents") on Ross's motion seeking grandparent visitation under section 452.402 RSMo 2016.[2] We affirm.

## I. BACKGROUND

In January 2005, Kyle and Amanda Scott[3] ("Amanda") got married. Later that year, Amanda sought adoption by her step-mother Carol Wilson ("Wilson"). A court granted the adoption, which resulted in Ross – Amanda's biological mother – losing all legal parental rights. As a result, Amanda's birth certificate was changed to show Wilson as her mother and with no mention of Ross.

---

[1] Because many of the parties involved in this case share the same last name, we will sometimes refer to them by their first names for clarity and ease of reading. No disrespect is intended.

[2] All further references to section 452.402 are to RSMo 2016. There is a new current version of the statute but it has no relevance in this case.

[3] As explained below, Kyle and Amanda later divorced. After the divorce, Amanda changed her name to Amanda Kemry.

During their marriage, Amanda and Kyle Scott had two children ("Children") together. On October 31, 2012, Amanda and Kyle dissolved their marriage. Pursuant to the dissolution judgment and an incorporated marital settlement and separation agreement, the parties were awarded joint legal and joint physical custody of the Children.

Thereafter, Kyle Scott filed a motion to modify the custody provisions of the dissolution judgment, alleging drug use by Amanda. The trial court granted the motion in July 2014 pursuant to a modification judgment which incorporated a stipulation agreement entered into between Kyle and Amanda. Kyle was awarded sole legal and sole physical custody of the Children.[4] Approximately two years later, in 2016, Amanda consented to the adoption of her two biological Children to Kyle Scott's new wife – Charlotte Scott. As a result, Amanda's parental rights to the Children were terminated.

In August 2018, Ross – as a third-party petitioner – filed a motion to modify the July 2014 judgment modifying Amanda and Kyle's dissolution judgment, with Ross seeking grandparent visitation under section 452.402. Subsequently, Kyle Scott – as a third-party respondent – filed a motion for summary judgment arguing Ross was not entitled to relief because, *inter alia*, Ross is not the grandmother of the Children.

The trial court granted the motion for summary judgment in favor of Third-Party Respondents (and the Children's Parents) Kyle and Charlotte, finding Ross is not a grandparent of the Children due to, (1) the termination of her parental rights to the Children's biological mother Amanda; and (2) the termination of Amanda's parental rights to the Children. In other words, the trial court found Ross was not a grandparent of the children due to the adoption of the Children's birth mother (Amanda) and due to the adoption of the Children by the natural father

---

[4] Amanda was awarded visitation "so long as Kyle believe[d] the visitation [was] in the best interests of the minor [C]hildren and the [C]hildren's safety and security [were] being maintained during visitation."

Kyle Scott's new wife Charlotte Scott. Later, an amended judgment was entered stating it was final for purposes of appeal. Ross now appeals the amended judgment.

## II.     DISCUSSION

Ross raises two points on appeal asserting the trial court erred in granting summary judgment in favor of Third-Party Respondents Kyle and Charlotte Scott (the Children's Parents). In Ross's second point, she contends section 452.402 does not preclude an award of grandparent visitation due to the adoption of the Children's birth mother (Amanda).[5] This point is dispositive and will be discussed below.

### A.     Standard of Review

Our Court's review of a trial court's decision granting summary judgment is de novo. *B.B. v. Methodist Church of Shelbina, Missouri*, 541 S.W.3d 644, 650 (Mo. App. E.D. 2017). "Summary judgment is proper only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Id*. Our Court must view the record in the light most favorable to the non-movant, accepting all reasonable inferences in favor of that party as true. *Id*. "We accept facts contained in affidavits or otherwise produced in support of the motion for summary judgment as true unless they are contradicted by the non-movant's response to the motion." *Id*.

The movant has the burden of establishing a right to judgment as a matter of law on the record as submitted, and if the movant meets this burden, then the non-movant must demonstrate that at least one of the material facts asserted by the movant as undisputed is, in fact, genuinely disputed. *Id*. A genuine dispute is one that is real, substantial, and not merely argumentative, imaginary, frivolous, or based on conjecture, theory, or possibilities. *M.C.-B. ex rel. T.B. v.*

---

[5] Ross's first point on appeal argues section 452.402 does not preclude an award of grandparent visitation due to the adoption of the Children by the natural father Kyle Scott's new wife Charlotte Scott. However, because we conclude below that the trial court was correct in granting summary judgment for the reasons discussed in Ross's second point on appeal, we need not address Ross's first point. *See B.B. v. Methodist Church of Shelbina, Missouri*, 541 S.W.3d 644, 650 n.5, 651 (Mo. App. E.D. 2017); *see also* Section II.B below where we conclude the trial court was correct in granting summary judgment because Ross is not the legal mother of Amanda.

*Hazelwood School Dist.*, 417 S.W.3d 261, 264-65 (Mo. App. E.D. 2013). To prove a genuine dispute as to the material facts exists, "the non-moving party may not rely on mere allegations or denials of the pleadings, but must produce affidavits, depositions, answers to interrogatories, or admissions on file." *B.B.*, 541 S.W.3d at 651.

Finally, "we will affirm the grant of summary judgment on any legal theory supported by the record, whether or not it was the basis relied upon by the trial court." *Id*.

**B.     Analysis**

In this case, Ross seeks grandparent visitation under section 452.402, which states in relevant part:

> 1. The court may grant reasonable visitation rights to *grandparents* of the child and issue any necessary orders to enforce the decree. The court may grant *grandparent* visitation when [*inter alia*]: (1) The parents of the child have filed for a dissolution of their marriage. A *grandparent* shall have the right to intervene in any dissolution action solely on the issue of visitation rights. *Grandparents* shall also have the right to file a motion to modify the original decree of dissolution to seek visitation rights when visitation has been denied to them . . ..

(emphasis added).

The one word of the statute at issue here is "grandparent." Ross argues she is the biological grandmother of the Children and is therefore able to bring an action under section 452.402. In contrast, the Parents claim Ross is not the grandmother due to the adoption of her own biological child Amanda – the Children's biological mother – in 2005. The above statute does not define grandparent, so we look to the dictionary definition to determine its plain and ordinary meaning. *Hampton v. Hampton*, 17 S.W.3d 599, 602 (Mo. App. W.D. 2000).

*Webster's Dictionary* defines the term "grandparent" as "*a parent's parent*." *Webster's Third New International Dictionary Unabridged* ("*Webster's Third*") 988 (3d ed. 2002) (emphasis added). "Giving the term 'grandparent' its plain and ordinary meaning, the intention of the legislature is clear and unambiguous, so no further construction of the statute is

4

necessary." *Hampton*, 17 S.W.3d at 602. "By use of the word 'grandparent,' the legislature intended to authorize visitation to the parent of a child's father or mother." *Id.*

Ross is not entitled to relief under section 452.402 because she is not the legal mother of Amanda which means she is not the grandmother of Amanda's biological Children who were born after the adoption took place.[6] Ross ceased being Amanda's legal mother when Amanda was adopted in 2005 by Wilson. Missouri statute provides the consequences of an adoption are as follows:

> When a child is adopted in accordance with the provisions of this chapter, *all legal relationships* and *all rights and duties* between such child and his natural parents (other than a natural parent who joins in the petition for adoption as provided in section 453.010) *shall cease and determine.* Such child shall thereafter be deemed and held to be for *every purpose* the child of his parent or parents by adoption, as fully *as though born to him or them in lawful wedlock.*

Section 453.090.1 RSMo 2016[7] (emphasis added).

It is undisputed Wilson is Amanda's legal mother according to her birth certificate and finalized adoption proceedings. When Amanda was adopted by Wilson in 2005, all legal relationships, all rights, and all duties between Ross and Amanda ceased. *See id.* Wilson – not Ross – is Amanda's mother for "*every purpose* . . . as though born to [her] . . . in lawful wedlock." *See id.* (emphasis added). Consequently, Ross gave up her potential status as grandmother when the adoption of Amanda took place. "The law states unequivocally that all legal relationships and all rights and duties between a child and his natural parents are abrogated." *Aegerter v. Thompson*, 610 S.W.2d 308, 310 (Mo. App. E.D. 1980).

In the end, Third-Party Respondents have established there are no genuine issues of material fact and they are entitled to judgment as a matter of law because, (1) Ross is not the legal mother of Amanda - who was the biological mother of the Children; and (2) therefore, Ross

---

[6] We note that Ross fails to cite to any case law in support of her position that she is entitled to relief under section 452.402.

[7] All further references to section 453.090 are to RSMo 2016, which is the current version of the statute.

5

is not the grandmother of the Children under the plain meaning of section 452.402. *See B.B.*, 541 S.W.3d at 650-51; section 452.402; *Webster's Third* at 988; *Hampton*, 17 S.W.3d at 602; section 453.090.1; *Aegerter*, 610 S.W.2d at 310.

Based on the foregoing, the trial court did not err in granting summary judgment in favor of Third-Party Respondents. *See B.B.*, 541 S.W.3d at 650-51. Point two is denied.

### III.    CONCLUSION

The trial court's judgment granting Third-Party Respondents' motion for summary judgment is affirmed.

_____
ROBERT M. CLAYTON III, Presiding Judge

James M. Dowd, J., and
Robin Ransom, J., concur.

6