

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI EX REL.   )
ATTORNEY GENERAL CHRIS KOSTER )
AND THE MISSOURI PETROLEUM  )
STORAGE TANK INSURANCE FUND  )
BOARD OF DIRECTORS,      )
               )
       Respondents,  )
               )
v.              )  No. SC95444
               )
CONOCOPHILLIPS COMPANY AND  )
PHILLIPS 66 COMPANY,     )
               )
       Respondents,  )
               )
AND            )
               )
CORY WAGONER,       )
               )
       Appellant.   )

## APPEAL FROM THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
### The Honorable Robert H. Dierker, Jr., Judge

*Opinion issued June 28, 2016*

The Board of Directors of the Missouri Petroleum Storage Tank Insurance Fund

(the "Board")[1] brought suit against ConocoPhillips Company and Phillips 66 Company

(collectively, "Phillips") to recover certain costs previously reimbursed by the Board

---

[1] Section 319.129, RSMo Supp. 2013, creates the Missouri Petroleum Storage Tank Insurance Fund (the "Fund"). Pursuant to section 319.129.4, "[T]he general administration of the fund and the responsibility for the proper operation of the fund, including all decisions relating to payments from the fund, are hereby vested in a board of trustees."

from the Fund.  The trial court ultimately entered a final judgment approving a settlement between the Board and Phillips and dismissed the case with prejudice.  Prior to the entry of that final judgment, however, Cory Wagoner (a participant in and potential claimant against the Fund under section 319.138, RSMo 2000) moved to intervene as a matter of right under Rule 52.12(a).  The trial court entered an interlocutory order overruling Wagoner's motion.  After the trial court entered final judgment, Wagoner appealed.  This Court has jurisdiction over the appeal pursuant to article V, section 10, of the Missouri Constitution, and the judgment of the trial court is affirmed.

## Facts

On April 23, 2013, the Board filed suit against Phillips alleging that Phillips improperly obtained reimbursement from the Fund.  Wagoner moved to intervene as a matter of right and, with that motion, Wagoner tendered a motion to dismiss the Board's suit for the court's consideration should intervention be granted.  On November 13, 2014, the trial court entered an interlocutory order overruling Wagoner's motion to intervene.  Wagoner did not seek an immediate appeal from this interlocutory order.  On December 11, 2014, the trial court entered a final judgment approving a settlement between the Board and Phillips and dismissing the case with prejudice.  Wagoner timely appealed from that final judgment.

Phillips and the Board (collectively, the "Respondents") argue that Wagoner's appeal should be dismissed because: (a) he is not a "party" who is "aggrieved" by the

2

trial court's December 2014 final judgment as those terms are used in section 512.020[2] and (b) his notice of appeal fails to comply with Rule 81.08(a) because it wrongly identifies the final judgment (rather than the November 2014 interlocutory order) as the judgment from which Wagoner's appeal is taken.

## I.    Wagoner Properly Appealed from the Final Judgment

Before reaching the merits of Wagoner's appeal, this Court must first determine whether he is entitled to an appeal and whether he properly identified the judgment from which his appeal is taken.  *Ndegwa v. KSSO, LLC*, 371 S.W.3d 798, 801 (Mo. banc 2012).  Respondents contend that Wagoner should have appealed the November 2014 interlocutory order overruling his motion to intervene, either at the time it was entered or following the entry of the final judgment in December 2014.  Neither is correct.

 "The right to appeal is purely statutory … [and] where a statute does not give a right to appeal, no right exists."  *Farinella v. Croft*, 922 S.W.2d 755, 756 (Mo. banc 1996).  Wagoner had no right to take an immediate appeal from the interlocutory order overruling his motion to intervene as a matter of right.  There is no special statute granting a right to immediate appeal[3] where a motion to intervene as a matter of right is overruled in an interlocutory order, and the general statute dealing with civil appeals grants no such right.  Instead, it states:

---

[2]   Unless otherwise stated, all statutory references are to RSMo Supp. 2013.

[3]   An example of such a special statute is section 435.440.1(1), which grants a right of immediate appeal where an application to compel arbitration is denied in an interlocutory order. *See Sanford v. CenturyTel of Missouri*, *LLC*, __ S.W.3d __ (Mo. banc 2016) (No. SC95465), handed down this date.

3

Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his or her appeal to a court having appellate jurisdiction from any:

(1) Order granting a new trial;

(2) Order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction;

(3) Order granting or denying class action certification provided that:

(a) The court of appeals, in its discretion, permits such an appeal; and

(b) An appeal of such an order shall not stay proceedings in the court unless the judge or the court of appeals so orders;

(4) Interlocutory judgments in actions of partition which determine the rights of the parties; or

(5) Final judgment in the case or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case.

§ 512.020.

Subdivisions (1) through (4) of section 512.020 identify various interlocutory orders and judgments from which an immediate appeal may be taken, but none of those provisions applies to the order overruling Wagoner's motion to intervene as a matter of right. Accordingly, Respondents' assertion that Wagoner was entitled to an immediate appeal from that interlocutory order is incorrect. *See Woods v. Juvenile Shoe Corp. of America*, 361 S.W.2d 694, 695 (Mo. 1962) ("A separate appeal from the interlocutory order of dismissal … would have been premature and subject to dismissal, because of its

4

interlocutory character and because there were other issues in the case remaining undetermined.").

This Court's decision in *State ex rel. Reser v. Martin*, 576 S.W.2d 289 (Mo. banc 1978), is not to the contrary. In *Reser*, the issue was whether a party whose motion to intervene as a matter of right is overruled may seek a writ in an appellate court to compel the trial court to grant such a motion. *Reser* holds that a writ was inappropriate under such circumstances because a proposed intervenor is entitled to appellate review of the denial of a motion to intervene under Rule 52.12(a). *Id*. at 290-91. But, given that the right to appeal is purely statutory and that nothing in section 512.020 (or any other statute) grants the right of immediate appeal to one whose motion to intervene as a matter of right is denied in an interlocutory order, *Reser* does not hold that a proposed intervenor has a right to an immediate appeal from an interlocutory order denying intervention. To the extent cases rely on *Reser* to hold or suggest that a proposed intervenor has such a right, those cases should no longer be followed.[4]

Because Wagoner has no statutory right to an immediate appeal of the interlocutory order overruling his motion to intervene as a matter of right, his only opportunity for appellate review of that decision is to appeal from the trial court's final

---

[4]   *See, e.g.*, *Eckhoff v. Eckhoff*, 242 S.W.3d 466, 469 (Mo. App. 2008) (concluding that the denial of a motion to intervene under Rule 52.12(a) is appealable immediately, but holding that the failure to appeal "the order denying their motion to intervene before final judgment does not prohibit them from appealing the denial of their motion to intervene after final judgment in this case."); *Coon ex rel. Coon v. American Compressed Steel*, 133 S.W.3d 75, 79 (Mo. App. 2004) ("The denial of a motion to intervene under Rule 52.12(a) is a final judgment from which there is a right of [immediate] appeal") (internal quotations omitted); *Alsbach v. Bader*, 616 S.W.2d 147, 149 n.1 (Mo. App. 1981) (citing *Reser* for the proposition that an "order denying intervention is [immediately] appealable if intervention is a matter of right").

5

judgment entered in December 2014. Respondents contend that, under section 512.020(5), Wagoner cannot appeal from the final judgment because: (a) nothing in the final judgment pertains to Wagoner and, therefore, he is not "aggrieved" by that judgment and (b) Wagoner's motion to intervene was overruled and, therefore, he is not a "party" entitled to appeal from the final judgment.

Respondents' first argument fails because, as defined by Rule 74.01, a final judgment is a "judgment adjudicating all the claims and the rights and liabilities of all the parties." As a result, a final judgment necessarily incorporates all prior orders or judgments that adjudicated some – but fewer than all – of the claims and the rights and liabilities of all the parties. This is so regardless of whether such incorporation is addressed explicitly (or implicitly) in the final judgment itself.[5] Because the trial court's November 2014 interlocutory order overruling Wagoner's motion to intervene as a matter of right was incorporated into the December 2014 final judgment, Wagoner was "aggrieved" by the final judgment just as though it expressly incorporated the November

---

[5] This holding also is consistent with the language of section 512.020(5), which states that a "party to a suit *aggrieved by any judgment* … may take his or her appeal … from any … (5) *Final judgment* in the case[.]" § 512.020(5) (emphasis added). The word "aggrieved" refers to the phrase "any judgment" in the introductory language, not to the phrase "Final judgment" in subdivision (5). Obviously, the phrase "any judgment" includes interlocutory orders because subdivisions (1) through (3) expressly provide for immediate appeals from particular instances of such orders. As a result, if a party is "aggrieved" by an interlocutory order from which an immediate appeal is not permitted by subdivisions (1) through (3) – or is aggrieved by an interlocutory order from which an immediate appeal is permitted by these subdivisions but fails to take an immediate appeal – then the plain language of section 512.020(5) permits an appeal from the "Final judgment" with no requirement that the party separately be "aggrieved" by that final judgment.

6

2014 order or expressly reconsidered Wagoner's motion to intervene and overruled it.[6]

*See Ameristar Jet Charter, Inc. v. Dodson Intern. Parts, Inc.*, 155 S.W.3d 50, 57 (Mo. banc 2005) (a party seeking appeal "is aggrieved when the judgment operates prejudicially and directly on his personal or property rights or interests and such effect is immediate and not merely a possible remote consequence") (quotations omitted). Accordingly, Wagoner has a right to appeal from the final judgment under section 512.020(5). *See Aherron v. St. John's Mercy Medical Center*, 713 S.W.2d 498, 500 n.1 (Mo. banc 1986) ("It should be noted, however, that while the Hospital was aggrieved by the judgment dismissing its cross-claim for indemnity, it is not authorized by § 512.020 to appeal from *this* judgment, but only from the final judgment of the trial court, which disposes of all parties and all issues.") (quotations omitted).

Respondents' second argument also fails. Wagoner is a "party" to the final judgment because, as explained above, the interlocutory order overruling his motion to intervene was incorporated into that final judgment. If Wagoner was a "party" to the interlocutory order overruling his motion to intervene as a matter of right, then he must be a "party" to the final judgment incorporating it. Accordingly, Wagoner is a "party" to this suit for purposes of section 512.020(5). *Cf. Aherron*, 713 S.W.2d at 500 ("[Section

---

[6]  Respondents also contend Wagoner is not an "aggrieved" party because the settlement between Respondents has no direct negative effect on Wagoner's interest as a potential future claimant against the Fund. This argument is germane to the merits of Wagoner's appeal (i.e., whether the trial court was correct to overrule Wagoner's motion to intervene because Wagoner failed to identify any direct harm to a legally protected interest that will – or reasonably could – result from the suit between Respondents or their settlement), but this argument is not relevant to whether Wagoner has a statutory right to seek appellate review of that question. This Court holds that Wagoner has such a right, even though it agrees with Respondents that the trial court did not err in overruling Wagoner's motion to intervene.

7

512.020] does not require that the aggrieved party be a 'party' in the sense that he either has or is subject to a pending claim, notwithstanding the effects of the judgment of which he complains.").

In essence, Respondents seek to defeat Wagoner's statutory right to appeal by invoking the very trial court ruling he seeks to appeal. In other words, Respondents claim that Wagoner cannot seek appellate review of the overruling of his motion to intervene by appealing the final judgment because the trial court previously determined Wagoner had no right to be a "party." But, by the same logic, a plaintiff would not be able to seek appellate review of the dismissal of her petition because the trial court determined the petition did not state a claim. The only difference is that Wagoner's motion to intervene was overruled in an interlocutory order prior to the final judgment and the plaintiff's claim was dismissed in the final judgment itself. The Court holds this difference is immaterial, however, because the interlocutory order is incorporated into and becomes a part of the final judgment to the same extent as though the issue was decided (or re-decided) as an express term of the final judgment. Accordingly, Wagoner is a "party to the suit" for purposes of the right to appeal the final judgment under section 512.020(5).

Finally, the Court rejects Respondents' contention that Wagoner's appeal should be dismissed because he failed to "specify … the judgment or order appealed from" in his notice of appeal as required by Rule 81.08(a). Wagoner specified the final judgment in his notice of appeal, but Respondents claim Wagoner should have specified the interlocutory order overruling his motion to intervene instead. This is incorrect because,

8

as set forth above, the final judgment is the ***only*** "judgment or order" from which Wagoner had a right to appeal under section 512.020. The purpose of requiring an appellant to "specify … the judgment or order appealed from" in the notice of appeal is so that the appellant can demonstrate the right to appeal, either from an interlocutory order or judgment under section 512.020(1) through (4), a "final judgment" under section 512.020(5), or some other specific statute granting a right to appeal.[7] Wagoner complied with this requirement in Rule 81.08(a) because he specified the only judgment from which he had a right to appeal, i.e., the final judgment.

## II.     The Trial Court did not Err in Denying Intervention

This Court will affirm a trial court's decision concerning intervention as a matter of right under Rule 52.12(a) unless there is no substantial evidence to support that decision, it is against the weight of the evidence, or it erroneously declares or applies the

---

[7]   The requirements of Rule 81.08(a) play no role in identifying or limiting the claims an appellant may assert on appeal. That is the role of the points relied on. *See* Rule 84.04(d) (in the point relied on, the appellant shall "identify the trial court ruling or action that the appellant challenges"). To the extent cases suggest that Rule 81.08(a) requires an appellant to specify the trial court ruling or action being challenged rather than the judgment or order from which the appeal is being taken, those cases should not be followed. *See, e.g., Erickson v. Pulitzer Pub. Co.*, 797 S.W.2d 853, 858 (Mo. App. 1990) ("Since the notice of appeal refers to the Count I summary judgment proceeding only and does not mention the dismissal order of September 13, 1989, this court is confined to a review of the summary judgment only."); *Green Hills Prod. Credit Ass'n v. R & M Porter Farms, Inc.*, 716 S.W.2d 296, 300 (Mo. App. 1986) ("Nowhere is there any reference to that part of the judgment dismissing the answer and counterclaims. This court is precluded [by Rule 81.08(a)] from taking up any claimed error in the dismissals."); *Donnell v. Vigus Quarries, Inc.*, 489 S.W.2d 223, 224 (Mo. App 1972) ("Since no reference was contained in the notice of appeal to any part of the judgment other than Count II, we are limited on appeal to a determination of whether the court committed error in rendering that part of the judgment.").

law.[8] *Johnson v. State*, 366 S.W.3d 11, 20 (Mo. banc 2012). In interpreting Rule 52.12(a)(2), this Court has held:

> In the absence of a statute conferring an unconditional right of intervention, an applicant seeking intervention must file a timely motion and show three elements: (1) an interest relating to the property or transaction which is the subject of the action; (2) that the applicant's ability to protect the interest is impaired or impeded; and (3) that the existing parties are inadequately representing the applicant's interest. The proposed intervenor carries the burden of [proof].

*State ex rel. Nixon v. American Tobacco Co., Inc.*, 34 S.W.3d 122, 127 (Mo. banc 2000) (internal quotations omitted). Because Wagoner's motion to intervene failed to address – let alone establish – these elements, the trial court did not err in overruling Wagoner's motion.

Instead of addressing the elements of intervention as a matter of right, Wagoner's motion simply asserts that he must be allowed to intervene for purposes of moving to dismiss the suit because: (1) the attorney general lacks standing to sue Phillips for amounts improperly received from the Fund and (2) the attorney general's suit was filed after – and, therefore, must yield to – Wagoner's previously filed lawsuit against Phillips to recover those same amounts. These arguments are not well taken.

---

[8]   Even though Wagoner's argument in the trial court characterized his motion as a motion to intervene as a matter of right and the trial court's interlocutory order overruling that motion analyzed it as a motion to intervene as a matter of right, Wagoner's motion only referenced Rule 52.12 and did not specify whether he was seeking intervention as a matter of right or merely permission to intervene. When Wagoner later moved to alter or amend the interlocutory order overruling his motion to intervene, he sought to expand his arguments by claiming he also was entitled to permissive intervention under Rule 52.12(b). In each of his three points relied on in this appeal, however, Wagoner challenges only the trial court's overruling of his motion to intervene as a matter of right. Accordingly, every argument Wagoner might have made with respect to whether the trial court erred in not granting permissive intervention is waived and will not be addressed here.

First, Wagoner's focus on whether the attorney general has standing to sue Phillips is misdirected. The Board is the real party in interest seeking recovery from Phillips, not the attorney general.[9] The attorney general is merely representing the Board, at the Board's request, as he is authorized to do. *See* § 27.060. Second, even assuming that Wagoner was the first to file suit against Phillips, his motion to intervene in the present suit failed to show: (1) that Wagoner has a legally protectable interest in the subject matter of the Board's suit against Phillips; (2) that this interest would be impaired or impeded if the Board's suit against Phillips was allowed to proceed without him; and (3) that the Board would not adequately protect Wagoner's interest if intervention was denied. *See American Tobacco*, 34 S.W.3d at 128 (to support intervention as a matter of right, the interest must be so immediate and direct that the proposed intervenor will either "gain or lose by direct operation of the judgment" and "does not include a mere, consequential, remote or conjectural possibility of being affected as a result of the action").

Wagoner's motion to intervene under Rule 52.12(a) fails to articulate a specific, legally protectable interest in the subject matter of the Board's suit against Phillips. On appeal, Wagoner suggests that – because he might be a claimant against the Fund at some hypothetical point in the future – he has a right to sue third parties (e.g., Phillips) that recover from the Fund improperly. According to Wagoner, this right gives him an

---

[9] It is not necessary, in the present case, to decide whether the state has a claim against Phillips that is separate and distinct from that brought by the Board as trustees of the Fund. Instead, it is sufficient to hold that – even assuming Wagoner has a right to pursue a claim against Phillips on

11

interest in the subject matter of the Board's suit against Phillips because the Board might not recover as much from Phillips as he could. The Court need not address whether this is the sort of interest that would give rise to a right to intervene under Rule 52.12(a) because Wagoner fails to demonstrate that – as a potential future claimant against the Fund – he has a right to sue third parties he thinks have recovered from the Fund improperly. The Board certainly has the right to sue to recover moneys owed to the Fund, *see* § 319.129.4, but nothing in the statutes creating the Fund and authorizing the Board to administer it gives such a right to Wagoner simply because he might someday be a claimant against the Fund. *See Johnson v. Kraft Gen. Foods, Inc.*, 885 S.W.2d 334, 336 (Mo. banc 1994) ("[W]hen the legislature has established other means of enforcement, we will not recognize a private civil action unless such appears by clear implication to have been the legislative intent.") (quotations omitted). *Cf. Int'l Ass'n of Fire Fighters, Local 2665 v. City of Clayton*, 320 F.3d 849, 851 (8th Cir. 2003) ("As a general rule, a beneficiary may not bring an action at law on behalf of a trust against a third party…. The right to bring such an action belongs to the trustee.") (quotations and citations omitted). Accordingly, Wagoner fails to show the first element required for intervention.

Even if Wagoner's status as a potential future claimant against the Fund gives him the right to sue third parties such as Phillips, it does not follow that this would give him the sort of direct interest in the Board's suit against Phillips that he "will either gain or

behalf of the Fund – that right is fully protected by, and not superior to, the Board's direct claim against Phillips in this case.

12

lose by direct operation of [the] judgment." *American Tobacco*, 34 S.W.3d at 128.

Wagoner argues that he might assert a valid claim for reimbursement from the Fund in the future and the Board might not be able to pay that claim unless it pursued its claim against Phillips with sufficient ardor. Even if this was not simply speculation (i.e., even if Wagoner already had asserted such a claim and the Board's ability to pay Wagoner's claim actually depended directly on whether and how much it might recover from Phillips), it is not clear that such circumstances would give Wagoner the right to intervene in the Board's suit against Phillips. The Court need not reach that question, however, because – at present – such circumstances are only hypothetical and the possibility of them occurring in the future far too remote and conjectural to justify intervention as a matter of right. Under Rule 52.12(a), both the intervenor's interest in the subject matter of the suit and the impairment or impediment to the intervenor's ability to protect that interest must be real, direct, and immediate.[10] *American Tobacco*, 34 S.W.3d at 128.

Finally, even if Wagoner had demonstrated both that he has a legally protectable interest in the subject matter of the Board's suit against Phillips and that his ability to protect that interest without intervening is impaired or impeded, Wagoner failed to show

---

[10]  Wagoner's claim that he has "taxpayer standing" adds nothing to his claim of intervention as a matter of right. First, it is not clear that "taxpayer standing" would have any bearing on whether Wagoner could sue Phillips to recover amounts for the Fund, regardless of whether or when the Board was pursuing such a claim. Even if it did, whether Wagoner has "taxpayer standing" to sue Phillips on behalf of the Fund does not, without more, demonstrate that Wagoner has a direct and immediate interest in the subject matter of the Board's suit against Phillips, that his ability to protect that interest is impaired or impeded, and that the Board will not protect his that interest adequately if intervention is denied.

that the Board would not adequately protect his interest in the absence of intervention. Wagoner does not allege – and made no effort to prove – that the Board's pursuit of its claim against Phillips was fraudulent, collusive, or a breach of its fiduciary duties. At most, Wagoner simply asserts that the Board should have reached a better settlement with Phillips and that he would have done so. As with Wagoner's other arguments, this falls well short of establishing a right to intervene under Rule 52.12(a) on the ground that the Board would not represent his interests (and those of all other future potential claimants against the Fund) in an adequate manner. Accordingly, the trial court did not err in overruling Wagoner's motion to intervene as a matter of right.

## Conclusion

For the reasons set forth above, the trial court's judgment is affirmed.

_____

Paul C. Wilson, Judge

Breckenridge, C.J., Fischer, Stith, Draper and Teitelman, JJ., and Dolan, Sp.J., concur. Russell, J., not participating.