

# In the
# Missouri Court of Appeals
## Western District

OSCAR LOPEZ,

                  **Respondent,**

v.

HEARTLAND MIDWEST, LLC, ET AL;

                  **Respondent,**

TIME WARNER CABLE MIDWEST, LLC,

                  **Appellant.**

**WD83087**

**OPINION FILED:**

**May 26, 2020**

---

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Kevin D. Harrell, Judge**

**Before Division One:**
**Lisa White Hardwick, P.J., Cynthia L. Martin, and Thomas N. Chapman, JJ.**

Time Warner Cable Midwest, LLC (Time Warner) appeals from the judgment of the Circuit Court of Jackson County, Missouri, confirming an arbitrator's award and entering judgment in favor of Oscar Lopez and against Heartland Midwest, LLC (Heartland) in the amount of $275,000. Time Warner argues that the trial court erred in denying its motion to intervene as a matter of right and in granting Lopez's motion to confirm the arbitrator's award. The appeal is dismissed.

## Background[1]

On February 19, 2013, Heartland was performing horizontal directional drilling services pursuant to a contract with Time Warner to install fiber optic cable near JJ's Restaurant on the Country Club Plaza in Kansas City, Missouri. While performing the work, Heartland ruptured a gas main owned by Missouri Gas Energy (MGE). Lopez, who was on an MGE construction and maintenance crew, was called to the scene to fix the ruptured main, which involved excavating the asphalt and earth above the damaged gas main. Immediately preceding the explosion, Lopez was standing to the southeast of the excavated dirt and asphalt. When the explosion occurred, Lopez was thrown south and east.

On February 15, 2018, Lopez filed a petition against Heartland, Time Warner, and Charter Communications claiming damages for injuries he sustained. Heartland and Time Warner filed answers to Lopez's petition. Time Warner also filed a third-party petition against USIC Locating Services, LLC (USIC), the company which marked the location of the underground utility lines. USIC filed an answer to Time Warner's third-party petition.

On February 1, 2019, Lopez dismissed his claims against Time Warner without prejudice. Lopez's claims against Heartland and Charter and Time Warner's third-party claims against USIC remained pending.

On April 5, 2019, Lopez and Heartland engaged in arbitration, which resulted in the arbitrator awarding damages in favor of Lopez and against Heartland in the amount of $250,000.

---

[1] The facts and issues in this case are similar, and sometimes identical, to those in this court's recent case, *Howe v. Heartland Midwest, LLC*, No. WD82656, 2020 WL 1860721 (Mo. App. W.D. April 14, 2020), where Neil Howe, Lopez's co-worker, sued the same defendants for damages for injuries he sustained in the same incident.

On May 1, 2019, Lopez filed a motion for confirmation of the arbitrator's award and entry of judgment against Heartland.

On May 9, 2019, Time Warner filed a motion to intervene, which alleged that a judgment confirming the arbitration award would have the potential to diminish interpleaded funds available to it in a related case in the United States District Court for the Western District of Missouri.[2] Lopez opposed Time Warner's motion to intervene, arguing that Time Warner was dismissed without prejudice and that Time Warner's potential interest in interpleaded funds in another case did not create a property right in the present lawsuit. A hearing on the motion was set for June 6, 2019, and then rescheduled for September 26, 2019. The trial court entered an order denying Time Warner's motion to intervene on July 2, 2019.

On July 11, 2019, the trial court issued a judgment confirming the arbitrator's award and entering judgment in favor of Lopez against Heartland in the amount of $275,000. This appeal by Time Warner followed.

**Authority to Hear Appeal**

Time Warner raises two points on appeal. It first contends that the trial court erred in denying its motion to intervene as a matter of right. In its second point, it argues that the trial court erred in granting Lopez's motion to confirm the arbitrator's award and entering judgment in favor of Lopez against Heartland.

---

[2] Specifically, Time Warner alleged that BITCO General Insurance Corporation (BITCO) issued two insurance policies to Heartland, and Time Warner was named as additional insured on the policies. After BITCO had paid out approximately $3.9 million of the $6 million policy limits to resolve claims arising out of the February 19, 2013 explosion, it filed an interpleader action in federal court and paid the balance of the policies' proceeds into the court's registry. Time Warner, Heartland, Lopez, and others were allegedly named as defendants in the interpleader action. Time Warner argued that the arbitration between Heartland and Lopez was not conducted in good faith and was designed to avoid and/or prohibit its involvement and to impair its claims against the funds in the interpleader action. This explanation for Time Warner's motion to intervene is provided only to afford context, and is not to be relied on as the law of the case.

Though not raised by the parties, this court's authority to hear the appeal must be determined. An appellate court "has an obligation, acting *sua sponte* if necessary, to determine its authority to hear the appeals that come before it." *First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n, Inc.*, 515 S.W.3d 219, 221 (Mo. banc 2017). "The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." *Id.* (internal quotes and citation omitted). If the appellate court lacks authority to hear an appeal, the appeal must be dismissed. *First Cmty. Credit Union v. Levison*, 395 S.W.3d 571, 576 (Mo. App. E.D. 2013).

Section 512.020 is the general statute governing civil appeals.[3] *State ex rel. Koster v. ConocoPhillips Co.*, 493 S.W.3d 397, 399 (Mo. banc 2016). It provides, in pertinent part:

> Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his or her appeal to a court having appellate jurisdiction from any…
>
> (5) Final judgment in the case or from any special order after final judgment in the cause….

§ 512.020(5). A "final judgment" for purposes of section 512.020(5) must satisfy two criteria: (1) it must be a "judgment" in that it satisfies the requirements of Rule 74.01(a) (in writing, signed by the judge, and expressly denominated a judgment), and "it must fully resolve at least one claim in a lawsuit and establish all the rights and liabilities of the parties with respect to that claim"; and (2) "it must be 'final,' either because it disposes of all claims (or the last claim) in a lawsuit, or because it has been certified for immediate appeal pursuant to Rule 74.01(b)." *Wilson v. City of St. Louis,* No. SC97544, 2020 WL 203137 *5 and *5 n.9 (Mo. banc Jan. 14, 2020). *See*

---

[3] All statutory references are to RSMo 2016 unless otherwise indicated.

*also Howe v. Heartland Midwest, LLC*, No. WD82656, 2020 WL 1860721, at \*7 (Mo. App. W.D. April 14, 2020) ("If a judgment disposes of fewer than all claims of all parties, the judgment is not final.").

Lopez's petition named Heartland, Time Warner, and Charter Communications as defendants. Time Warner filed a third-party petition against USIC seeking indemnity and/or contribution for any damages awarded Lopez against Time Warner. Lopez resolved its claims against Time Warner by dismissing Time Warner without prejudice. After dismissing Time Warner, Lopez resolved his claims against Heartland through arbitration and a judgment confirming the arbitrator's award. Lopez's claim against Charter Communications, however, remained. Additionally, Time Warner's third-party claims against USIC remained. *See* Rule 67.05 ("No dismissal, voluntary or involuntary, of a plaintiff's civil action shall operate to dismiss a previously filed counterclaim or cross-claim."); *Howe*, 2020 WL 1860721, at \* 7 (plaintiff's dismissal of defendant did not operate to automatically dismiss the defendant's third-party petition). As a result, the trial court's July 11, 2019 judgment did not resolve any one claim to all parties, did not resolve all claims as to all parties, and was not otherwise certified for immediate appeal. The judgment being appealed did not satisfy either of the criteria set forth under *Wilson*, as it is neither a judgment, nor final. *See Howe*, 2020 WL 1860721, at \*7 (where third-party defendant and claims remained pending, judgment was not a final judgment from which an appeal could be taken under section 512.020(5), and the appeal was dismissed). The appeal must be dismissed.[4]

---

[4] The trial court's order denying Time Warner's motion to intervene was an interlocutory order. "An interlocutory order is 'an order that is not final and decides some point or matter between the commencement and the end of a suit but does not resolve the entire controversy." *In re S.M.B.*, 588 S.W.3d 641, 643 (Mo. App. S.D. 2019) (quoting *Buemi v. Kerckhoff*, 359 S.W.3d 16, 20 (Mo. banc 2011)). "An interlocutory order may only be immediately

## Conclusion

The trial court's July 11, 2019 judgment is not a final judgment from which an appeal can be taken.[5]

The appeal is dismissed.

/s/ *Thomas N. Chapman*
Thomas N. Chapman, Judge

All concur.

---

appealed when specific statutory authority grants the party the right to such an appeal." *Id.* While subdivisions (1) through (4) of section 512.020 identify various interlocutory orders and judgments from which an immediate appeal may be taken, none apply to an interlocutory order overruling a motion to intervene as a matter of right. *ConocoPhillips*, 493 S.W.3d at 400. And no other special statute grants a right to immediate appeal where a motion to intervene as a matter of right is overruled in an interlocutory order. *Id.* at 399. Rather, a party's only opportunity for appellate review of the denial of its motion to intervene as a matter of right is to appeal from the trial court's final judgment. *Id.* at 400-401.

Regardless, for the sake of judicial economy, even if the order denying Time Warner's motion to intervene was appealable, the trial court did not err in denying it. "Rule 52.12(a) permits intervention as a matter of right 'in an action.'" *Howe*, 2020 WL 1860721, at *5 (quoting Rule 52.12(a)). One element that must be established for intervention as a matter of right is that "the interests of the proposed intervenor are not 'adequately represented by existing parties.'" *Id.* (quoting Rule 52.12(a)). When Time Warner filed its motion to intervene, its third-party petition against USIC remained pending, and it was already a party to the action. Time Warner received electronic notice of Lopez's motion to confirm, which was filed eight days before Time Warner filed its motion to intervene. Because Time Warner was already an "existing party" in Lopez's "action" when it filed its motion to intervene, the motion was superfluous, and the trial court did not error in denying it. *Id.*

[5] Because the judgment is not final for purposes of appeal, this action remains subject to the trial court's exercise of jurisdiction.