

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| IN THE INTEREST OF: L.L. & L.L., | ) | |
| JUVENILES; JUVENILE OFFICER, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD83257 (Consolidated with WD83258) |
| | ) | |
| D.L., | ) | Opinion filed: August 18, 2020 |
| | ) | |
| Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI
### THE HONORABLE LESLIE M. SCHNEIDER, JUDGE

Division One: Thomas H. Newton, Presiding Judge,
Mark D. Pfeiffer, Judge and Edward R. Ardini, Jr., Judge

Appellant D.L. ("Grandmother") appeals the trial court's denial of her motions to intervene in the juvenile proceedings of her twin grandchildren, L.L. and L.L. ("Children"). Because we lack jurisdiction to hear this appeal, we dismiss.

### Factual and Procedural Background

On May 16, 2017, the Juvenile Officer filed petitions in the Circuit Court of Boone County alleging that Children were without proper care, custody, or support, and requesting that Children be "made a ward of the Court under the custody and supervision of the Children's Division for Appropriate Placement." Specifically, the petitions alleged that on the date Children were born—

May 1, 2017—their mother ("Mother") tested positive for amphetamine and benzodiazepine and that on May 2, 2017, Children tested positive for amphetamine, methamphetamine, diazepam, and nordiazepam. Additionally, the petitions alleged that Children's older sibling had been named as a victim in an earlier Children's Division investigation, which resulted in findings of illegal drug use in the home and in the presence of Children's sibling. The trial court entered Orders of Protective Custody, placing Children in the temporary custody and supervision of the Children's Division.

Children's juvenile cases proceeded over the next two years. In July 2019, Grandmother filed requests to intervene in Children's cases, and on August 26, 2019, the trial court held a hearing on Grandmother's motions. At the hearing, counsel for Grandmother advised that Grandmother was only seeking to intervene in the cases for Children, not their older siblings, and that Grandmother was "not asking for anything right now except leave to intervene so she can possibly be of help later" and that she "would like to be kept in the loop and be involved." Counsel further advised that: "Just kind of depending on how things go [Grandmother] would like to eventually petition for guardianship, but we don't really know where the case is or what's going on if she's not allowed to intervene so she can see whether that's a viable goal or not."

The Juvenile Officer, the Children's Division, and the Guardian *ad Litem* opposed the motions to intervene. They expressed concerns that Grandmother's visits with Children had been inconsistent, Grandmother had allowed unapproved and unauthorized contact between Children and Mother during Grandmother's visits, and that Grandmother was only seeking intervention in Children's cases and not for the entire "sibling group." Grandmother requested to respond to these concerns, and the trial court permitted her to do so.

2

At the conclusion of the hearing, the trial court took the matters under advisement. Later that day, by docket entries, the trial court denied Grandmother's motions to intervene. The docket entry in each case stated, in its entirety: "Order – Denied. After due consideration. Motion to intervene denied. LS/X (smp)." Grandmother appealed, asserting that the trial court erred in denying her motions without first finding that intervention would be "against the best interest of [Children]."[1] Additionally, at this Court's request, Grandmother addressed in her brief whether she had the right to an immediate appeal of an order overruling a motion to intervene.

**Analysis**

"[T]he Court has an obligation, acting *sua sponte* if necessary, to determine its authority to hear the appeals that come before it." *Glasgow Sch. Dist. v. Howard Cnty. Coroner*, 572 S.W.3d 543, 547 (Mo. App. W.D. 2019) (internal marks omitted). "The right to appeal is purely statutory and where a statute does not give a right to appeal, no right exists." *State ex rel. Koster v. ConocoPhillips Co.*, 493 S.W.3d 397, 399 (Mo. banc 2016) (internal marks omitted).

We determine that there is no statutory authority for Grandmother's immediate appeal of the denial of her motions to intervene. Although Grandmother asserts the authority for her appeal is conferred by section 512.020(5), RSMo,[2] we disagree. Section 512.020, the general statute governing civil appeals, provides:

> Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his or her appeal to a court having appellate jurisdiction from any:
>
> . . .

---

[1] "A grandparent shall have a right to intervene in any proceeding initiated pursuant to the provisions of this chapter, in which the custody of a grandchild is in issue, unless the juvenile judge decides after considering a motion to intervene by the grandparent that such intervention is against the best interest of the child." § 211.177.1, RSMo 2016.

[2] All statutory references are to RSMo 2016.

3

(5) Final judgment in the case or from any special order after final judgment in the cause . . . .[3]

The Missouri Supreme Court has recently clarified that section 512.020(5) does not provide statutory authority for the immediate appeal of an interlocutory order denying intervention.[4] *See ConocoPhillips*, 493 S.W.3d at 399-400 ("There is no special statute granting a right to immediate appeal where a motion to intervene as a matter of right is overruled in an interlocutory order, and the general statute dealing with civil appeals [section 512.020] grants no such right." (internal footnote omitted)). The Missouri Supreme Court further clarified that a prior decision, *State ex rel. Reser v. Martin*, 576 S.W.2d 289 (Mo. banc 1978), did *not* stand for the proposition "that a proposed intervenor has a right to an immediate appeal from an interlocutory order denying intervention[]" and "[t]o the extent cases rely on *Reser* to hold or suggest that a proposed intervenor has such a right, those cases should no longer be followed." *Id.* at 400.

In support of her argument that she is entitled to an immediate appeal of the denial of her motions to intervene, Grandmother relies on cases decided prior to *ConocoPhillips*. We do not find these cases persuasive, however, and instead agree with the recent analysis of this issue in *In the Interest of S.M.B.*, 588 S.W.3d 641 (Mo. App. S.D. 2019). In *S.M.B.*, proposed intervenors sought to immediately appeal the trial court's order denying them leave to intervene in a juvenile proceeding. 588 S.W.3d at 642. Like Grandmother here, the proposed intervenors, relying on decisions issued prior to *ConocoPhillips*, invoked section 510.020 as the basis for their right to bring an immediate appeal. *Id.* at 643. However, the Court explained that the trial court's denial of

---

[3] "Subdivisions (1) through (4) of section 512.020 identify various interlocutory orders and judgments from which an immediate appeal may be taken, but none of those provisions applies to [an] order overruling [a] motion to intervene as a matter of right." *ConocoPhillips*, 493 S.W.3d at 400.

[4] An interlocutory order is "an order that is not final and decides some point or matter between the commencement and the end of a suit but does not resolve the entire controversy." *Buemi v. Kerckhoff*, 359 S.W.3d 16, 20 (Mo. banc 2011).

the motion to intervene was an interlocutory order, and, after *ConocoPhillips*, "[s]ection 510.020 can no longer be used as statutory authority for the right to an immediate appeal from the denial of an interlocutory order and earlier opinions to the contrary are no longer good law." *Id.* Because no statutory authority existed for the proposed intervenors' appeal of the interlocutory order, the appeal was dismissed. *Id.*

We find the same result is warranted here. The trial court's denials of Grandmother's motions to intervene in Children's cases were interlocutory, and, as explained above, no statute allows for an immediate appeal of such an interlocutory order.[5] "[A]n appeal that lacks statutory authority, and thus the right to be brought, is beyond the jurisdiction of this court to hear." *Johnston v. Saladino Mech. & Cincinnati Ins. Co.*, 504 S.W.3d 138, 140 (Mo. App. W.D. 2016); *see also Wunderlich v. Wunderlich*, 505 S.W.3d 434, 436 (Mo. App. W.D. 2016) ("An appeal without statutory sanction confers no authority upon an appellate court except to enter an order dismissing the appeal.").

Based on the foregoing, we find that we lack jurisdiction to hear this appeal and it must be dismissed.

### Conclusion

Grandmother's appeal is dismissed.

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.

---

[5] Grandmother argues that *ConocoPhillips* is not controlling because "[j]uvenile cases are distinguishable from other civil matters, such as the one before the court in [*ConocoPhillips*]." We recognize, as did the Southern District in *S.M.B.*, "that juvenile cases are often treated differently because of the nature of juvenile proceedings." *See* 588 S.W.3d at 643 n.3; *see, e.g.*, *In re K.S.W.*, 454 S.W.3d 422, 427 (Mo. App. W.D. 2015) ("The standard for a 'final judgment' in a juvenile case differs from [the] general standard . . . because the very nature of a juvenile proceeding anticipates an on-going consideration," and thus, "[i]n a juvenile case, once the trial court issues a judgment that includes the disposition or treatment of the juvenile, all the issues before the court have been disposed[.]" (internal marks and emphasis omitted)). Nonetheless, "the court's holding in *ConocoPhillips* [makes] clear that [Grandmother] cannot rely on section 512.020 to grant [her] authority to immediately appeal" the trial court's interlocutory orders. *See In re S.M.B.*, 588 S.W.3d at 643 n.3.